UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FLORENCE WILLIAMS,

    Plaintiff,

vs.

CHI-ADA CORPORATION,
a Limited Liability Company, and
BARTHOLOMEW OKORO, an Individual,

    Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, FLORENCE WILLIAMS, by and through her undersigned counsel, and sues the Defendants, CHI-ADA CORPORATION (hereinafter, referred to as "CHI-ADA"), and BARTHOLOMEW OKORO, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing her rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or her employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, BARTHOLOMEW OKORO individually, acted directly in the interests of her employer, the Defendant, CHI-ADA, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, CHI-ADA.

7. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

8. Plaintiff began working for the Defendants since 2013 as a cleaning person.

9. On July 19, 2019, Plaintiff picked up her check, but after she had left, she immediately got a call saying she was given the incorrect check by mistake and to come back.

10. Plaintiff returned and gave back the check that she took by accident, and then waited

to get her correct check.

11. However, this was never provided to her and Plaintiff was informed that someone else must have received her check.

12. Plaintiff requested that a new check be written, or at least an idea as to when she would receive her check.

13. In turn, Plaintiff was never provided an answer, not provided her new check, and instead told she was on her own.

14. Plaintiff vehemently objected to this, as she needed her check.

15. There was no response, and thus Plaintiff was not paid her minimum wages.

16. Plaintiff then contacted Miami-Dade Transit regarding the non-payment, who in turn contacted the Defendants and demanded that Plaintiff be paid.

17. In retaliation for this complaint, Plaintiff went from full-time work to only three days per week, cutting her pay by around 40%.

18. In addition, despite lesser hours, Plaintiff was assigned to a different and more dangerous location in Downtown Miami, despite previously working the Central Garage for many years.

19. Given this reduction in pay and change in her location, Plaintiff resigned from her employment.

## COUNT I
## FLSA – CHI-ADA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint.

20. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

21. That by reason of the intentional, willful and unlawful acts of the Defendant, CHI-ADA in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, FLORENCE WILLIAMS, demands judgment against the Defendant, CHI-ADA, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – BARTHOLOMEW OKORO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint.

22. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

23. That by reason of the intentional, willful and unlawful acts of BARTHOLOMEW OKORO in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiff, FLORENCE WILLIAMS, demands judgment against the Defendant, BARTHOLOMEW OKORO, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA RETALIATION-CHI-ADA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint.

24. The Defendant, CHI-ADA's reduction of Plaintiff's hours and change in location, prompting her resignation, was directly in retaliation for her complaints of FLSA violations.

25. The Defendant, CHI-ADA's constructive discharge of the Plaintiff was for her lawfully having engaged in a statutorily protected activity.

26. The Defendant, CHI-ADA's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, FLORENCE WILLIAMS, demands judgment against the Defendant, CHI-ADA, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA RETALIATION-BARTHOLOMEW OKORO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint.

27. The Defendant, BARTHOLOMEW OKORO's reduction of Plaintiff's hours and change in location, prompting her resignation, was directly in retaliation for her complaints of FLSA violations.

28. The Defendant, BARTHOLOMEW OKORO constructive discharge of the Plaintiff was for her lawfully having engaged in a statutorily protected activity.

29. The Defendant, BARTHOLOMEW OKORO's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, FLORENCE WILLIAMS, demands judgment against the Defendant, BARTHOLOMEW OKORO, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, FLORENCE WILLIAMS, demands trial by jury.

Dated: October _, 2019.     Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corp. Parkway, #588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: david@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*


*/s/ David M. Cozad*
DAVID M. COZAD, ESQ.
F.B.N.: 333920